Derbigny, J.
delivered the opinion of the oom-t. JohnCurtis, the appellant, is the owner 7 *■ L 7 of a tract of land, of nineteen hundred arpens, in or about the centre of which is situated a . tract oí 100 arpens, sold by his vendors to the appellees. The expressions in the sale of this tract are, “ that it is situate and lying on south-west "side of the lake, in the tract of . land containing two thousand arpens, bounded on oue side by the bayou Castur, and fronting * * 7 bayou Jean d‘Jean.” It does not appear that *235 this tract of one hundred arpeas ever was measured out and located by the vendors to the appellees ; but the appellees, under the des- ’ 1 L . _ cription given in the deed of sale, caused it to be located so as to have its front on the west side of the lake. The difficulty between the parties is this: the appellant contends that r 1 1 it ought to be located in a square form : appellees maintain that the manner in which they have located it is more equitable, because it gives them a proportionable share of good and bad land.
In a contest of this nature the first thing to examine is, whether the description given in, the bill of sale is sufficiently certain to fix the situation of the land; for if it is, there is no oc~ casion for any enquiry into the other circumstances of the case.
The land is said to lie on the south west side of the lake; we take that to signify that it has its front on that side. Now, according to the plans exhibited and made a part of the record, the length of that side falls far short of the ten arpents front, which a location of one hundred arpens in a square form would call for; such a location then would not be conformable to the expressions of the sale. But taking the whole length of the south-west sideof the lake for the *236 front of the tract in question, and running per- . _ pendicular lines on each end till they include a superficies of one hundred arpens,is evidently the location intended by the deed; and that is the location which the appellees have caused to be made. If we add to this that the location, as insisted on by the appellant, would give to the appellees nothing but pine hills & swamps, and that, if left as already surveyed, it gives them a proportionable share of good land: if we farther take into consideration that one of the appellees has built, since more than two years, a saw-mill on the bayou which bounds that tract of laud behind; and that more than one year was suffered to elapse before the appellant complained of any trespass; we will be more and more confirmed in the opinion, that the location, as made by the ap-pellees, is not only conformable to the deed of sale, but agreeable to the understanding Of the parties.
Baldwin for the plaintiff, Wilson for the defendants.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.